## Burkhardt et ux. v. Rockey

Before Waite, P. J. (specially presiding), Evans, P. J., and Laub, J.

*Robert J. Firman* and *William W. Knox*, for plaintiffs.

*Walter S. Nowatny*, for defendant.

WAITE, P. J., May 24, 1951.—This is an action of trespass brought to recover damages to plaintiff's property caused by obstructing the flow of water in a small creek running through defendant's property causing the overflow across plaintiff's land.

The case was tried before the court and a jury which on March 8, 1951, returned a verdict for plaintiff in the amount of $1,050.

On March 15, 1951, seven days after the date of the verdict, motions were presented on behalf of defendant asking for a new trial and for judgment non obstante verdicto upon which motion rules to show cause were granted.

On April 25, 1951, when the matter came before the court for argument the attorneys for plaintiff filed a motion to strike off the rules heretofore granted on defendant's motions for the reason that the motions were presented more than four days after the verdict was rendered. These matters are now before the court sitting en banc for determination.

Section 1, rule 27, of the rules of court provides that all motions for new trials and in arrest of judgment, shall be made to the court and the reasons filed, within four days after a verdict. By law a motion for judgment non obstante veredicto must be filed within the same length of time as that allowed for a new trial (see 12 PS §684). This court rule is merely declaratory of the ancient English common law, by which a party was given four days after verdict to ask for a new trial. It is true that there is authority in Pennsylvania to the effect that the court may grant special permission to file such motions nunc pro tunc, but it is also true that special permission must be obtained upon good cause shown. In the instant case no such permission has been granted. Moreover, in the instant case no motion has ever been filed asking leave to file

the motions for a new trial or for judgment non obstante veredicto nor has any reason been shown for the delay in filing the motions.

For the reasons above stated we are clearly of opinion that defendant's motions for a new trial and for judgment non obstante veredicto should be refused.

Moreover, after carefully reviewing the law and the evidence we are also clearly of opinion that defendant's motion for a new trial and for judgment non obstante veredicto must be refused on the record.

The testimony shows that plaintiffs and defendant are the owners of adjoining properties on the north side of the Buffalo Road, known as Pennsylvania Route 20 in Harborcreek Township, Erie County, Pa. A small stream extends in a northerly direction towards Lake Erie and crosses the easterly portion of defendant's property within two or three feet of the west line of plaintiff's farm, which is primarily a fruit farm with a grape vineyard thereon. On August 1, 1949, one Herman Peplinski, a tenant and former employe of defendant was, with defendant's knowledge, operating a bulldozer—moving brush, dirt, stones and other debris into the bed of this small creek. The next morning Chris F. Burkhardt, one of the plaintiffs, pointed this out to defendant, calling his attention to the danger of the overflow of the creek upon plaintiff's property. Defendant admittedly agreed to have this material removed from the bed of the creek and claimed to have done so. This was denied by plaintiff. More than two weeks later, on August 17, 1949, an unusually heavy rainfall occurred and this creek was dammed up by the debris and overflowed across defendant's property causing the damage complained of. The defense was that this overflow of the stream and the consequent damages to plaintiff's property was an Act of God for which defendant would not be liable. An Act of God is defined as "any irresistible disaster,

the result of natural causes, such as earthquakes, violent storms, lightning and unprecedented floods. It is such a disaster arising from such causes, and which could not have been reasonably anticipated, guarded against or resisted. It must be due directly and exclusively to such a natural cause without human intervention. It must proceed from the violence of nature or the force of the elements alone, and with which the agency of man had nothing to do. If the injury is caused by the agency of man co-operating with the violence of nature or the force of the elements, it is not the 'Act of God'."

See Piqua v. Morris et al., 98 Ohio 42, 7 A. L. R. 129, 120 N. E. 300. As to the effect of negligence concurring with Act of God, see 22 R. C. L. 131.

In the instant case the testimony shows that from 1930 to August 17, 1949, there had been no overflow of this creek across plaintiff's property, although there had been other heavy rainfalls, particularly in 1947 when the precipitation during a 24-hour period was more than twice as great as that of August 17, 1949.

Whether or not the operator of the bulldozer in the instant case was at the time an agent or employe of defendant is not controlling since admittedly defendant knew of the obstruction, and as the testimony shows, failed to remove it.

It is fundamental law that an owner must so use his property so as not to harm another.

The testimony in the case is conflicting, but in our opinion the verdict in favor of plaintiffs is fully sustained by the weight of the credible testimony. The case was fairly tried and we find no errors either in the admission of the evidence or the charge of the court. In our opinion this was clearly a case for the jury.

For the reasons herein stated the rules to show cause heretofore granted on defendant's motions for a new

trial and for judgment non obstante veredicto must be discharged.

And now, to wit, May 24, 1951, the rule to show cause heretofore granted on defendant's motions for a new trial and for judgment non obstante veredicto is discharged and the prothonotary is directed to enter judgment upon the verdict against defendant and in favor of plaintiff upon payment of the jury fee.